IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: James Edward Hawk f/k/a Jamie Edward Hawk<br>  Debtor, | BANKRUPTCY CASE NUMBER<br>19-04599/HWV |
| JPMorgan Chase Bank, N.A.<br>  Movant.<br>v. | CHAPTER 7<br><br>11 U.S.C. § 362 |
| James Edward Hawk f/k/a Jamie Edward Hawk<br>  Debtor/Respondent, | |
| April L. Hawk<br>  (Non-filing Co-Debtor), | |
| Steven M. Carr, Trustee<br>  Additional Respondent. | |

## MOTION OF JPMORGAN CHASE BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY UNDER SECTION §362 (d) AND §1301

  JPMorgan Chase Bank, N.A. ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362 and §1301, hereby seeks relief from the automatic stay and co-debtor stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

  1.  Debtor named above filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code in the Middle District of Pennsylvania under the above case number.

  2.  Movant is the holder of a secured claim against Debtor and April L. Hawk ("Non-filing Co-Debtor"), secured a mortgage lien on real estate which is the principle residence of Debtor located at 295 Pine Grove Road, Hanover, PA 17331 (the "Mortgaged Premises").

  3.  The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises. Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

  4.  Additional Respondent is the Standing Trustee appointed in this Chapter 7 proceeding.

  5.  Debtor has not claimed an exemption in the subject property.

6. There is a first mortgage on the property. The holder of the second lien is Mr. Cooper in the amount of approximately $336,987.00.

7. Debtor has failed to make pre-petition and all post-petition monthly mortgage payments.

8. The defaults include the failure to make the following monthly payments:

   a) Payments of $259.70 from September 1, 2019 through January 1, 2020 which totals $1,298.50;

9. The Fair Market Value of the Mortgaged Premises is $349,000.00, as per Debtor's Schedules. The approximate amount necessary to payoff the loan is $55,867.30 good through January 9, 2020. The breakdown of the payoff is as follows:

   | | |
   |---|---:|
   | Principal Balance | $54,768.04 |
   | Accrued Interest | $1,099.26 |

10. Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

    a) Movant lacks adequate protection for its interests in the Mortgaged Premises;

    b) Debtor does not have any equity in the Mortgaged Premises; and

    c) The Mortgaged Premises are not necessary to an effective reorganization or plan.

    d) Debtor has indicated in their Chapter 7 Statement of Intention that they wish to surrender the Mortgaged Premises.

11. Movant additionally seeks relief from the Co-Debtor stay under §1301 (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the co-debtor stay.

12. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

13. Creditor moves the Court for an Order terminating the pending automatic stay to allow Creditor to send to any party or parties protected by the automatic stay any and all notices required by applicable state or federal law or regulation. Creditor further moves the Court to terminate the automatic stay to allow Creditor to take such actions with respect to the Property as are provided for under applicable non-bankruptcy law, including but not limited to, informing Debtors of any loan modification, short sale, or other loss mitigation options.

14. Basis for asserting that the applicable party has the right to foreclose. JPMorgan Chase Bank, N.A., services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, N.A.. Said entity is unable to find the promissory note and will seek to prove the promissory note using a lost note affidavit.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated: January 21, 2020

BY:/s/ Kristen D. Little
Kristen D. Little, Esquire
Shapiro & DeNardo, LLC
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800/ fax (847) 954-4809

S&D File #:19-064085

PA BAR ID #79992
kfrankel@logs.com
pabk@logs.com